UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICKY THOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 15-13187-ADB |
| | * | |
| HAMPDEN COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court GRANTS the plaintiff's motion for clarification.

I. BACKGROUND

Ricky Thomas ("Thomas"), who is confined at MCI Concord, has filed an action under 42 U.S.C. § 1983 ("§ 1983"), alleging that his civil rights were violated when he was prosecuted for and convicted in Hampden County Superior Court of rape. He seeks compensatory and punitive damages. The direct appeal of this conviction is pending in the Massachusetts Appeals Court. *See Commonwealth v. Thomas*, App. No. 2013-P-0666 (Mass. App. Ct.).[1]

In a Memorandum and Order dated September 15, 2015 [Dkt. No. 8], the Court directed Thomas to show cause why this action should not be dismissed. The Court held that he could only recover damages for an unconstitutional conviction if the conviction had been overturned or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court also stated that if Thomas wished to challenge his conviction or imprisonment in federal court, he

---

[1] The docket of Thomas's direct appeal may be accessed through http://www.ma-appellatecourts.org/index.php (last visited October 23, 2015).

could only do by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state remedies.

On October 13, 2015, Thomas filed a motion for clarification [Dkt. No. 11] of the Court's show cause order. He asks whether he can maintain his claim under § 1983 without filing a habeas petition. The Court grants the motion for clarification through the discussion below.

## II.   DISCUSSION

A person who is serving a sentence on an "intact" conviction—meaning that the conviction or sentence has not been overturned or otherwise invalidated—cannot challenge the validity of that conviction or sentence through a § 1983 action even if he is seeking damages rather than release. A § 1983 action based on a wrongful conviction or imprisonment can only be maintained where the conviction or imprisonment has been invalidated "on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Thus, *Heck* bars not only a civil action explicitly attacking the validity of an intact conviction but also any claim where success on the claim would necessarily imply the invalidity of such conviction—even if the plaintiff disclaims any intention of challenging his conviction. *See id.* "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). The "favorable termination" requirement "is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement without

complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

The only way in which a litigant can bring a claim that is related to an intact conviction is if success on the claim would *not* necessarily imply the invalidity of the conviction. In the context of an alleged Fourth Amendment violation, this means that

> . . . a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Heck*, 512 U.S. at 487 n.7 (citations omitted); *see also Silva v. Town of Hudson*, C.A. No. 10-10038, 2011 WL 2534986 (D. Mass. June 24, 2011) (where criminal trial court had found that evidence seized in violation of plaintiff's Fourth Amendment rights was not subject to suppression under the "independent source" doctrine, the "favorable termination" rule of *Heck* did not bar plaintiff's claim for the unlawful search and seizure).

Similarly a plaintiff who has been convicted of assaulting a police officer could conceivably bring a claim for excessive use of force by the officer without necessarily implying the invalidity of the conviction for assault. It is a very fact-specific analysis. In *Smithhart v. Towery*, 79 F.3d 951 (9th Cir. 1996) (per curiam) for example, the plaintiff had been convicted of assault with a deadly weapon after he drove his car at law enforcement officers. He filed suit, alleging that the officers had, without probable cause or justification, assaulted, arrested, handcuff, and beat him. The Ninth Circuit held that *Heck* barred the claims that the defendants

3

lacked probable cause to arrest him and had brought unfounded charges against him since; success on these claims would necessarily imply that his intact conviction for assault was invalid. *See id.* at 952. On the other hand, he was permitted to pursue his claims that defendants used force greater than necessary for his arrest because success on that claim would not necessarily imply that his conviction was improper. *See id.*; *see also Thore v. Howe*, 466 F.3d 173, 180 (1st Cir. 2006) ("Just as it is true that a § 1983 excessive force claim after an assault conviction is not necessarily barred by *Heck*, it is also true that it is not necessarily free from *Heck*.").

Thus, whether *Heck* bars Thomas's action depends on whether success on any of his claims would necessarily imply the invalidity of his intact conviction. Claims that he was wrongly prosecuted and convicted are clearly barred by *Heck*. This excludes the bulk of the claims in the original complaint, including that the prosecutor called a known felon to testify against Thomas, that the prosecutor wrongly prosecuted him even though the evidence against him was inconclusive, that he was selectively prosecuted, that he received ineffective assistance of counsel, and that law enforcement did not conduct forensic tests on certain items at the crime scene. *See* Compl. [Dkt. No. 1] ¶ 12(a), (c), (d).

Depending on the particular facts alleged, however, Thomas may still be able to maintain his claim that the defendants "obtained the plaintiffs [sic] DNA from a soda can without requesting nor obtaining a search warrant." *Id.* ¶ 12(b). If success on this claim would not necessarily imply the invalidity of the plaintiff's conviction, *Heck* does not bar the claim.[2]

---

[2] Assuming that such claim is not barred by *Heck*, to recover damages, Thomas would still need to allege a cognizable Fourth Amendment violation and that he suffered a compensable injury from the illegal DNA collection separate and apart from his conviction and incarceration. *Heck*, 512 U.S. at 487 n.7. This would likely require him, among other things, to allege that he had an expectation of privacy in the can and that the can hadn't been abandoned.

If Thomas would like to pursue this action as a § 1983 claim, he must file an amended complaint that is limited to claims that are not barred by *Heck*. As noted above, his claim that the DNA sample was obtained in violation of his rights under the Fourth Amendment might be appropriate for inclusion in the amended complaint, although at this point the Court cannot state conclusively whether it would state a claim upon which relief may be granted. Thomas may also conclude that he has other claims associated with the prosecution against him that are not barred by *Heck*. Alternatively, he could file a §1983 action if his conviction is invalidated on appeal, or he can file a habeas petition if he wants to challenge the underlying conviction, but not until he exhausts the state remedies available to him.

## III.   CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 11] is GRANTED.

2. The plaintiff may, within forty-two days of the date of this order, file an amended complaint limited to claims that are not barred by *Heck*. Failure to do so will result in dismissal of this action. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Thomas should include in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.

**SO ORDERED.**

October 26, 2015                         /s/ Allison D. Burroughs
                                         ALLISON D. BURROUGHS
                                         UNITED STATES DISTRICT JUDGE